UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:
    **Melinda M. Boulrice,**
          **Debtor.**

Filed & Entered
On Docket
October 26, 2009

Chapter 13 Case
# 09-10563

_____

## ORDER DENYING MOTION FOR RECONSIDERATION
## AND OVERRULING OBJECTION TO CONFIRMATION

    On May 14, 2009, the Debtor, Melinda M. Boulrice, filed a petition for chapter 13 relief and a chapter 13 Plan (docs. # 1, 3). On May 27, 2009, the Debtor filed a Motion to Determine Value of Collateral in which she sought to have her 2007 Toyota FJ Cruiser valued at $19,405 and to pay the claim secured by that vehicle with interest at the rate of 4.5% (doc. # 10, the "Valuation Motion"). The notice of motion stated that any objections were to be filed by June 11, 2009. Id. The Valuation Motion's certificate of service indicated that the Debtor sent the motion by certified and first class mail to Sovereign Bank, Attn: Paul A. Perrault, 865 Brook Street, Rocky Hill, CT 06067. Id. No objections were interposed and, on June 18, 2009, the valuation order was signed (doc. # 12). On that same day, the confirmation hearing was held and the plan – which specified the amount of the claim secured by the vehicle to be $19,405 and proposed to pay that claim with 4.5% interest – was confirmed, pending the IRS filing an amended proof of claim within two weeks. For reasons unclear from the record, a proposed confirmation order was not filed at the expiration of that time period.

    On September 2, 2009, the Creditor, Santander Consumer USA LLC, as servicer for Sovereign Bank, filed a motion to reconsider the valuation order (doc. # 15). The Creditor (whose law firm submitted a notice of appearance on August 31, 2009) recited that "the debtor's service as set forth in the Certificate of Service fails to comply with F.R.B.P. Rule 9014(B) AND 7004(B)(3) in that the mailing was not made to the attention of an officer, managing or general agent, or other authorized agent for service." Id. ¶ 6. The motion went on to say that "[u]pon becoming aware of the debtor's Motion," the matter was "referred to Creditor's counsel because the value asserted by the debtor was substantially less than the replacement value of the vehicle." Id. ¶ 7. The reconsideration motion then briefly discussed the merits of the Valuation Motion, which were set forth in detail in an attached three-page "Response to Debtor's Motion Determining Value of Collateral, Amount of Allowed Secured Claim and Interest Rate to be Paid on Allowed Secured Claim." Id., Ex. B. The Creditor filed an amended notice of motion on September 10, 2009 (doc. # 16).

    On October 6, 2009, the chapter 13 Trustee filed his Proposed Findings and Order Confirming

Plan (doc. # 17). On October 8th, the Creditor filed an Objection to the Proposed Order Confirming Plan (doc. # 18), objecting to its treatment in the plan, based upon what it perceived to be an erroneous valuation of its collateral. Id. The Debtor filed an Objection to Motion for Reconsideration, asserting that the Valuation Motion "was served, by certified and first class mail, postage prepaid on the President and CEO of Sovereign Bank." (doc. # 19). The Debtor explained that although the Valuation Motion certificate of service did not reflect the position of the individual served, "the Motion was served on the person believed to be the President and Chief Executive Officer of Sovereign Bank on the date the Motion was served." Id. The Debtor added that the Creditor had been aware of the provisions of the plan and no objection had been timely made either to the plan or the Valuation Motion until over two months after entry of the Valuation Order and the conclusion of the confirmation hearing. Id. According to the Debtor, the only open issues at the confirmation hearing had been the Debtor's obligation to file certain tax returns and the corresponding need for the Internal Revenue Service to file an amended proof of claim, and both had been completed. Id. The Creditor had waived a hearing on its Reconsideration Motion and Objection to Confirmation and the Debtor did not request a hearing, so no hearing was held, and the Court took the matter under advisement.

The standard for granting a motion to reconsider is strict in order to dissuade repetitive arguments on issues that the Court has already fully considered "where the moving party seeks solely to relitigate an issue already decided," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), to "plug gaps in an original argument or to argue in the alternative once a decision has been made," In re Newberry, 2007 WL 2247588, *1 (Bankr. D.Vt. Aug. 2, 2007), or to give the moving party another bite at the apple by permitting argument on issues that could have been or should have been raised in the original motion. See Petition of Bird, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) (citing Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). A court may reconsider an earlier decision when a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation and quotation omitted); Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason [be] permitted, to battle for it again"). A court should grant reconsideration when a "party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," Shrader, 70 F.3d at 257, but ultimately the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

The Creditor's arguments on the merits cannot be considered until the Creditor has satisfied the Court that its motion satisfies one of the three criteria for reconsideration. The Creditor points to no intervening change of controlling law and no availability of new evidence that would warrant such relief.

Even if the Court were to interpret the Creditor's argument that the Debtor did not comply with Rule 7004(h) as raising an issue of clear error or manifest injustice, that also would not be sufficient to grant the relief it seeks. Fed. R. Bankr. P. 7004(h) provides: "Service on an insured depository institution. . . in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution" (unless some exceptions, not relevant here, apply). While Rule 7004(h) appears to intend that service on an officer of the institution would include a designation of the person's title on the envelope, and that would be clearly be the best practice, the obvious purpose of the Rule is to ensure that notice of the motion reach one of the persons specified in the Rule. In this case, the Debtor asserts that the party identified on the envelope is such an officer. The Creditor does not dispute that, nor did the Creditor claim that it did not receive service of the motion by certified mail, as directed by Rule 7004(h). To grant the Creditor the relief it seeks based upon this Rule, and under the circumstances set out in the record, would be to elevate form over substance. While due process is an essential component of bankruptcy procedure, so is finality of orders. The reconsideration standard balances these two issues and favors reconsideration and vacatur of an Order only where the movant can satisfy specific criteria. After carefully considering the facts and circumstances presented here in light of the delicate balance between due process and the finality of court orders, the Court finds that the Creditor has failed to demonstrate grounds that warrant granting reconsideration. Accordingly, the Court DENIES the Motion for Reconsideration (doc. # 15, 16).

In the same vein, the Creditor's Objection to Confirmation is OVERRULED as untimely. See Vt. LBR 3015-2(c)(1) and (2).

SO ORDERED.

October 26, 2009                                             Hon. Colleen A. Brown
Rutland, Vermont                                             U.S. Bankruptcy Judge